BUCKHAM v. WOLF ET AL.

1. **Garnishment:** AGREEMENT TO RETURN PROPERTY. A garnishee, who held the property of the garnishee defendant for a certain purpose, delivered the same to the sheriff upon being served with the garnishment, upon an agreement that the amount thereof necessary for the specified purpose, when determined, should be returned. *Held*, that the agreement by the officer was binding and ought to be performed.

*Appeal from Shelby Circuit Court.*

FRIDAY, JUNE 9.

THIS is a proceeding to compel the defendant Chandler, as sheriff, to advertise and sell, or in some manner apply, certain warrants of the city of Hamburg, which, it is claimed, were delivered to him by one Alexander who was the treasurer of said city, as the property of the defendant Wolf, upon a certain proceeding in garnishment upon a judgment, in which the said Buckham was plaintiff and Wolf was defendant.

Alexander appeared and asked to be made a party to this proceeding and the matter was tried upon affidavits. The court overruled the motion to compel the sheriff to sell the warrants as the property of Wolf, and ordered that they be returned to said Alexander. Plaintiff appeals.

*Dalbey & Holmes*, for appellant.

*Reed & Wilson*, for appellees.

ROTHROCK, J.—It appears that Alexander was treasurer of the city of Hamburg, and as such officer he had received the warrants in question from Wolf for bar license. At the time the warrants were handed over to Alexander by Wolf, it was understood between them that if the city council should raise the license, then Wolf should pay to Alexander the difference. Alexander

1. GARNISH-
MENT: agree-
ment to re-
turn property.

was garnished and he now claims that he gave up the warrants to the sheriff upon the agreement with plaintiff's attorney that he should be kept harmless, and that if the city council should fix the license at $300 or more, that amount should be returned to him, but if the license should be fixed at a less sum, then the sheriff would return enough warrants to pay said amount and the balance should be kept by said officer. That afterwards an ordinance went into effect fixing the license at $500 and that, relying on the said promise of plaintiff's attorney, he receipted to Wolf for the warrants as paid on the license. This claim is supported by the testimony of Alexander and although it is denied by the attorney of plaintiff, we cannot say that the court erred in believing the one witness rather than the other. If such an agreement was made it should be performed. We can see nothing illegal or improper in it.

AFFIRMED.